## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

WILLIAM POWERS,

      Plaintiff,

    vs.

HOME DEPOT U.S.A., Inc., d/b/a HOME DEPOT,

      Defendants.

**CIVIL DIVISION**

Docket No.:

**COMPLAINT IN CIVIL ACTION**

Filed on behalf of Plaintiff:

William Powers

Counsel of Record for this Party:

Peter D. Friday, Esquire
Pa I.D. # 48746

J. Patrick Denton, Esquire
Pa I.D. # 333533

Madeline T. Stuchell, Esquire
Pa I.D. # 334611

Friday & Cox, LLC
1405 McFarland Road
Pittsburgh, Pennsylvania, 15216
Tele:  (412) 561-4290
Fax:   (412 )561-4291
*pfriday@fridaylaw.com*
*pdenton@fridaylaw.com*
*mstuchell@fridaylaw.com*

**JURY TRIAL DEMANDED**

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

WILLIAM POWERS                                    **CIVIL DIVISION**

           Plaintiff,

                             Docket No.:

    vs.

HOME DEPOT U.S.A., Inc., d/b/a HOME
DEPOT,

           Defendant.

## COMPLAINT IN CIVIL ACTION

Plaintiff, William Powers, by and through his attorneys, Peter D. Friday, Esquire, J. Patrick Denton, Esquire, Madeline T. Stuchell, Esquire, and Friday & Cox LLC, hereby complains and alleges as follows:

## JURISDICTION AND VENUE

1.      Plaintiff brings this action against defendants under 28 U.S.C §1332 and contends that diversity jurisdiction exists between the parties and the amount in controversy exceeds $75,000.00.

2.      Venue in the Western District of Pennsylvania is properly laid pursuant to 28 U.S.C. §1391, as the event which forms the factual and legal basis of plaintiff's claims arose within the geographical limits of this District.

## PARTIES

3.      Plaintiff, William Powers, is an adult individual who currently resides at 291 Dutch Glory Road, Amity, Pennsylvania, 15311-1132.

4.      Defendant, Home Depot U.S.A. Inc., d/b/a The Home Depot (hereinafter referred to as "Home Depot"), is a Delaware corporation with a registered business address of 2455 Paces Ferry Road, Atlanta, Georgia 30339.

## FACTS COMMON TO ALL COUNTS

5.      At all relevant times, Defendant Home Depot is and was, among other things, a manufacturer, designer, seller, lessor, owner, marketer and/or distributor of rental trucks, and derives substantial revenue from placing such products into the stream of commerce.

6.      At all relevant times, Defendant Home Depot was in the business of designing, assembling, inspecting, distributing, leasing, renting, selling and/or advertising rental trucks.

7.      At all relevant times, Defendant Home Depot marketed, represented and advertised its rental trucks as safe for the transportation of equipment and as a normal functioning, roadworthy vehicle free from any hazardous conditions.

8.      On or about July 24, 2022, Plaintiff rented the at-issue rental truck, a Home Depot branded Ford F-250, from one of Defendant Home Depot's retail stores located at 255 Murtland Ave, Washington, PA 15301.

9.      At all relevant times, Plaintiff was acting reasonably and prudently in using the at-issue rental truck  as advertised and marketed by Defendant Home Depot, to transport an all-terrain vehicle ("ATV").

10.      Upon arriving home on or about July 24, 2022, with the intention to load an All-Terrain Vehicle (ATV) into the bed of the at-issue rental truck, Plaintiff backed the at-issue rental truck into his inclined driveway with the front of the truck facing down the driveway, shifted the gear to park and engaged the parking brake.

11.    Plaintiff then began to load the ATV into the bed of the at-issue rental truck by driving the ATV onto a ramp, when suddenly and without warning, despite the truck being in park and with the parking brake engaged, the at-issue rental truck suddenly began rolling forward down the driveway.

12.    Upon realizing the dangerous situation he had found himself in, Plaintiff immediately jumped from the ATV and fell to the driveway.

13.    The ATV then rolled off the ramp, violently landed atop Plaintiff, crushed him, and caused him significant injuries.

14.    A friend, who was assisting Plaintiff with loading the ATV, was able to quickly chase after and jump into the rolling at-issue truck, press the brake pedal and bring the truck to a stop before helping to lift the ATV off of Plaintiff.

15.    As a direct and proximate result of Defendant Home Depot's negligence, defective product, unreasonably dangerous product, inadequate warnings, and breach of warranty, Plaintiff William Powers sustained the following injuries, some or all of which may be permanent:

    a.    Severe aggravation of osteoarthritis of the left hip;

    b.    Large hematoma over left hip and thigh;

    c.    Pain in both knees;

    d.    Bruises, contusions, abrasions and other injuries in or about nerves, muscles, bones, tendons, ligaments, tissues and vessels of the body;

    e.    Nervousness, emotional tension, anxiety and depression; and

    f.    Other injuries to be proven at trial.

16.    As a direct and proximate result of Defendant Home Depot's negligence, defective product, unreasonably dangerous product, inadequate warnings, and breach of warranty, Plaintiff sustained the following damages, some or all of which are or may be continuing:

g.    Great and continuing pain and suffering, inconvenience, embarrassment; mental anguish, and emotional and psychological trauma;

h.    He has been and may continue to incur large medical expenses for medical treatment and care, medical supplies, rehabilitation and therapeutic treatment, medicines, attendant services, and other treatments;

i.    Inability to enjoy various pleasures of life that he previously enjoyed;

j.    Lost earnings and Plaintiff's earning capacity has been diminished; and

k.    Loss and impairment of general health, strength and vitality.

## <u>COUNT I</u>
*Plaintiff William Powers v. Defendant Home Depot U.S.A., Inc., d/b/a The Home Depot*
**Negligence**

17.    All preceding paragraphs are incorporated herein by reference.

18.    Defendant Home Depot had a duty to warn Plaintiff of the unreasonably dangerous and hazardous conditions created by the at-issue rental truck.

19.    At all relevant times, Defendant Home Depot had a duty to properly design, manufacture, compound, test, inspect, package, label, distribute, market, research, examine, supply, provide proper warnings for, prepare for use the at-issue rental truck by consumers such as Plaintiff.

20.    Defendant Home Depot negligently and carelessly designed, maintained, manufactured, assembled, tested, failed to test, inspected, failed to inspect, packaged, labeled, distributed, recommended, displayed, sold, rented, examined, failed to examine, and marketed the at-issue rental truck so that it was unreasonably dangerous and unsafe for the use and purpose for which it was intended, and for whom its use was intended.

21.    Defendant Home Depot had a duty to ensure that the at-issue rental truck was safe, free from defects, and would not cause harm to or increase the risk of harm to their intended users or those in proximity to product in use.

22.    Defendant Home Depot knew, or through reasonable inquiry should have known, that the at-issue rental truck could cause serious injury due to the defective design, maintenance, manufacture, assembly, inspection and/or marketing of the at-issue rental truck, specifically regarding the lack of properly functioning parking brakes and/or parking gear.

23.    The alleged incident and plaintiff's injuries were the direct and proximate result of Defendant Home Depot's negligence and carelessness, including the following particulars:

a.    In failing to properly and adequately design, manufacture, assembly, test, market, sell, rent and/or distribute the at-issue rental truck for the safe use of its intended users;

b.    In failing to design, manufacture, maintain and/or assemble the at-issue rental truck so that it would not brake and/or stay parked on inclined terrain;

c.    In failing to properly or adequately inspect the at-issue rental truck in order to determine whether it could be used for its intended purpose without harm to those who use it or are in proximity to those who use it;

d.    In failing to properly or adequately inspect the at-issue rental truck as to prevent accidents from occurring;

e.    In failing to provide sufficient warning as to the reasonably foreseeable dangers to those using the at-issue rental truck;

f.    In failing to provide sufficient warning as to the risks to be assumed to those using the at-issue rental truck;

g.    In failing to adequately warn Plaintiff that operating the at-issue rental truck could result in serious bodily injury;

h.    In failing to design, manufacture, and assemble the at-issue rental truck so that it was not difficult to operate;

i.    In failing to design, manufacture, maintain and/or assemble the at-issue rental truck so that there would be an alternate way to prevent the truck from rolling down an incline other than the park gear and parking brake;

j.    In failing to properly design the at-issue rental truck in such a manner as would afford adequate protection from injury of foreseeable user(s) and those in proximity of the foreseeable user(s);

k.      In distributing a defective product to the general public and to Plaintiff;

l.      In advertising a defective product to the general public and to Plaintiff; and

m.      In making false representations to Plaintiff that the product was safe for intended use, when in fact the at-issue rental truck was defective and in an unreasonably dangerous condition.

WHEREFORE, Plaintiff demands judgment against Defendant Home Depot in an amount in excess of the jurisdictional limits of compulsory arbitration, together with court costs, interest and all other relief permitted by the Court.

## COUNT II
*William Powers v. The Home Depot, Inc. t/d/b/a The Home Depot*
**Strict Products Liability**

24.     All preceding paragraphs are incorporated herein by reference.

25.     At all relevant times, Defendant Home Depot was in the business of designing, manufacturing, constructing, assembling, inspecting, testing, distributing, packaging, renting, maintaining and advertising the at-issue rental truck and represented to Plaintiff, and the general public, that it was safe, non-defective, and generally suitable for its intended purpose.

26.     At all relevant times, and contrary to the representations made by Defendant Home Depot, the at-issue rental truck was in a defective, hazardous, unsafe, and dangerous condition unfit for its intended users and unreasonably dangerous to Plaintiff and other users, including those in proximity to users, within the meaning of the Restatement (Second) of Torts § 402A at all times before the at-issue rental truck was distributed to Plaintiff.

27.     At all relevant times, the at-issue rental truck was in a defective condition that was unknowable, unacceptable and unreasonably dangerous to the average or ordinary consumer, including Plaintiff.

28.     At all relevant times, the at-issue rental truck was in an unreasonably dangerous condition, such that a reasonable person would conclude that the probability and seriousness of harm caused by the at-issue rental truck injuring foreseeable users, and those in proximity of foreseeable users while using the product as intended and advertised outweighs the burden or costs of taking precautionary measures in the design, manufacture, sale, rent, advertisement, distribution, maintenance and warnings of the at-issue rental truck.

29.     The at-issue rental truck as supplied to Plaintiff was in a defective condition, unreasonably dangerous and unsafe for its intended and reasonably foreseeable uses as contemplated by § 402A of the Restatement (Second) of Torts, in the following particulars:

a.      The at-issue rental truck contained design defects, such that the truck's parking brake and/or gear was ineffective, resulting in the inability to stay parked during loading activities;

b.      The at-issue rental truck contained design defects, such that the truck did not stay parked while in the parking gear and while the parking brake was engaged, increasing the potential for injury;

c.      The at-issue rental truck was designed in such a way that it lacked adequate braking mechanisms to ensure safety and to protect those in proximity to user;

d.      The failure to properly or adequate inspect the at-issue rental truck in order to determine whether it could be used for its intended purpose without causing injury to the user or those in proximity to the user;

e.      The warnings were defective in that they failed to disclose reasonably foreseeable dangers to users of the at-issue rental truck;

f.      The warnings were defective in that they failed to adequately inform users of what to do if the parking gear and/or parking brake do not work while operating/unloading the rental truck;

g.      The at-issue rental truck was in a defective condition and yet was placed in the stream of commerce.

WHEREFORE, Plaintiff demands judgment against Defendant Home Depot in an amount in excess of the jurisdictional limits of compulsory arbitration, together with court costs, interest and all other relief permitted by the Court.

<u>**COUNT III**</u>
*William Powers v. THE HOME DEPOT, INC. t/d/b/a THE HOME DEPOT*
**Breach of Implied Warranty**

30.     All preceding paragraphs are incorporated herein by reference.

31.     Defendant Home Depot was in the business of manufacturing, distributing, and renting the at-issue rental truck and was a merchant as defined under Article 2 of the Pennsylvania Uniform Commercial Code.

32.     At all relevant times, Defendant Home Depot designed, manufactured, constructed, assembled, inspected, tested, distributed, packaged, maintained and/or rented the at-issue rental truck which was subject to implied warranties to purchasers and intended users, including Plaintiff, as dictated by Article 2 of the Pennsylvania Uniform Commercial Code.

33.     Defendant Home Depot warranted that the at-issue rental truck was merchantable, free from defects, and was fit, safe, and suitable for its ordinary and intended use.

34.     Contrary thereto, the at-issue rental truck was in fact defective, dangerous, unsafe, and unfit for its ordinary and intended use.

35.     Plaintiff, in reasonable reliance that the at-issue rental truck was fit for its ordinary purpose, used the rental truck to transport an ATV, which he attempted to load onto the bed of the parked rental truck.

36.     As a direct and proximate result of Defendant Home Depot's breach of its implied warranty of merchantability, as set forth in 13 Pa.C.S. § 2314, Plaintiff suffered the injuries and damages set forth in the preceding paragraphs as a result of the aforementioned incident.

WHEREFORE, Plaintiff demands judgment against Defendant Home Depot in an amount in excess of the jurisdictional limits of compulsory arbitration, together with court costs, interest and all other relief permitted by the Court.

### COUNT IV
*William Powers v. THE HOME DEPOT, INC. t/d/b/a THE HOME DEPOT*
**Property Damage**

37.     All preceding paragraphs are incorporated herein by reference.

38.     As a direct and proximate result of defendant's negligence, strict liability and breach of warranty, Plaintiff sustained property damage to his 1997 Honda ATV I, model TRX400 (VIN 478TE2002VA207901). All-Terrain Vehicle (ATV) in the amount of $983.73.

WHEREFORE, Plaintiff demands judgment in his favor against Defendant Home Depot in excess of the jurisdictional limits of compulsory arbitration, together with court costs, interest and all other relief permitted by the Court.

**A JURY TRIAL IS DEMANDED.**

Respectfully submitted,

_____

Peter D. Friday, Esquire
Pa I.D. # 48746

J. Patrick Denton, Esquire
Pa I.D. # 333533

Madeline T. Stuchell, Esquire
Pa I.D. # 334611
*Attorneys for Plaintiff*

Friday & Cox, LLC

1405 McFarland Road
Pittsburgh, Pennsylvania 15216
Tele:  (412) 561-4290
Fax:   (412 )561-4291
*pfriday@fridaylaw.com*
*pdenton@fridaylaw.com*
*mstuchell@fridaylaw.com*