IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM POWERS, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 2:24-cv-745 |
| ) | |
| v. ) | Magistrate Judge Patricia L. Dodge |
| ) | |
| HOME DEPOT U.S.A., INC., d/b/a THE ) | |
| HOME DEPOT, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM ORDER**[1]

**I.   Background**

Plaintiff William Powers ("Plaintiff") initiated this action via counseled Complaint against Defendant Home Depot U.S.A., Inc. ("Defendant") on May 21, 2024. (ECF No. 1.) On August 26, 2024, the Court held an initial case management conference (ECF No. 14) and entered a Case Management Order ("CMO"). Among other things, the CMO set the deadline for fact discovery as May 23, 2025. (ECF No. 15.)

On September 17, 2024, Plaintiff's counsel moved to withdraw. (ECF No. 21.) According to the motion, Plaintiff had informed his counsel that he would be seeking alternative representation and that he no longer wished to be represented by his present counsel. (*Id.* ¶ 4.) As a result, counsel sought to withdraw under LCvR 83.2(c)(4) and Pa. R. Prof. Cond. 1.16(b)(5), citing irreconcilable differences which rendered continued representation unreasonably difficult. (*Id.* ¶ 5.) The motion also stated that Defendant had served Plaintiff with written discovery requests on August 9, 2024. (*Id.* ¶ 3.)

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a United States Magistrate Judge conduct these proceedings. The undersigned therefore has the authority to decide dispositive motions and enter final judgment.

The Court ordered Plaintiff to respond to the motion by September 30, 2024. Plaintiff was directed to state whether he opposed the withdrawal and whether he had retained another attorney. (ECF No. 22.) Plaintiff did not respond. As a result, the Court granted the motion and directed Plaintiff to file a notice by October 18, 2024, indicating whether he intended to proceed without counsel. (ECF No. 23.)

On October 23, 2024, the Court received what was construed as a motion to extend time to obtain new counsel. (ECF No. 24.) Plaintiff stated that he had been "trying to find a new lawyer but no one will take my case." (*Id.*) The Court granted the motion and set a deadline of November 25, 2024 for new counsel to enter their appearance. Further, Plaintiff was advised that if he could not find new counsel, he must be prepared to proceed pro se. (ECF No. 25.) Again, Plaintiff did not respond.

The Court held a telephone status conference on December 11, 2024. Plaintiff attended and stated that he had not retained new counsel. The Court explained that the May 23, 2025 fact discovery deadline was still in place. Defense counsel agreed to provide Plaintiff new copies of the discovery. Plaintiff's mailing address, email address, and phone number were confirmed. The Court also explained that the Federal Rules of Civil Procedure required that Plaintiff respond to the discovery responses and return them to Defendant within thirty days. Plaintiff said that he understood and agreed to participate in the discovery process regardless of any ongoing efforts to find new representation. (ECF No. 28.)

A follow-up telephone status conference was held on February 4, 2025. Defense counsel advised that despite sending the written discovery several times both before and after the previous status conference, Plaintiff never responded. Plaintiff stated that he had trouble opening email attachments but did confirm that he could receive mail at the address previously provided to

2

Defendant and the Court. (ECF No. 30.) Following the conference, the Court ordered Plaintiff to advise Defendant if he could provide his discovery responses prior to his deposition scheduled for February 17, 2025. If he could not do so, Plaintiff was ordered to provide his responses no later than February 28, 2025. (ECF No. 31.)

On March 11, 2025, Defendant moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 37(b)(2)(A).[2] (ECF No. 32.) The motion details Defendant's attempts at sending the discovery requests,[3] as well as follow-up communications reminding Plaintiff of his obligation to provide responses.[4] On February 11, 2025, Plaintiff informed Defendant that he would not be providing his responses before his scheduled deposition. Defendant agreed to reschedule the deposition "based on Plaintiff's representation that the outstanding discovery would be provided before February 28, 2025[.]" (*Id.* ¶ 13.)

The Court ordered Plaintiff to respond to Defendant's motion to dismiss by March 25, 2025. (ECF No. 33.) To date, Plaintiff has not filed a response to Defendant's motion, provided Defendant with his discovery responses, or otherwise sought relief from or communicated with the Court.

## II. Analysis

"Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure authorizes a district court to dismiss an action should a party fail to obey an order to provide or permit discovery." *Shahin v. State*, 345 F. App'x 815, 816 (3d Cir. 2009). Additionally, under Rule 41(b) of the Federal Rules of Civil Procedure, a district court has authority to dismiss an action sua sponte if a litigant fails to

---

[2] Defendant alternatively asks that Plaintiff be precluded from presenting evidence at trial. *See* ECF No. 32.

[3] Interrogatories and document requests were sent to Plaintiff via his previous counsel on August 8, 2024, and via email, USPS first-class mail, and FedEx on December 11, 2024. (ECF No. 32 ¶¶ 3, 6.)

[4] Defendant sent correspondence to Plaintiff via email and USPS first-class mail on January 10, 2025 and left telephone messages on January 30 and 31, 2025. (ECF No. 32 ¶¶ 7, 9.)

3

prosecute or to comply with a court order. *See, e.g.*, *Adams v. Trs. of N.J. Brewery Emps.' Pension Trust Fund*, 29 F.3d 863, 871 (3d Cir. 1994). In *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984), the Third Circuit set forth six factors to be weighed in considering whether dismissal is proper:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Id.* at 868 (emphasis omitted).

There is no "magic formula" or "mechanical calculation" to determine whether a district judge should punitively dismiss a complaint. *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992). No single *Poulis* factor is dispositive and not all six need to favor dismissing for the dismissal to be warranted. *See Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008); *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988). Instead, the court must "properly consider and balance" each of the six factors based on the record. *Hildebrand v. Allegheny Cnty.*, 923 F.3d 128, 132 (3d Cir. 2019) (citing *Poulis*, 747 F.2d at 868). The court's analysis must be done in the light of "strong policy favoring decisions on the merits" and with the understanding that dismissal with prejudice should be employed only as a "last, not first, resort." *Id.*

The first and third *Poulis* factors—the extent of Plaintiff's personal responsibility and his history of dilatoriness—each weigh heavily for dismissal. Because Plaintiff is now proceeding pro se, he is solely responsible for his own conduct, including his failure to respond to Court orders and to comply with the Federal Rules of Civil Procedure. *See Briscoe*, 538 F.3d at 258-59 (affirming pro se plaintiff is personally responsible for complying with orders of the court); *Mack v. United States*, 2019 WL 1302626, at *2 (M.D. Pa. Mar. 21, 2019) (finding plaintiff's failure to

4

comply with court orders and rules "established a history of dilatoriness"). Throughout this lawsuit, Plaintiff has habitually ignored the Court's orders to respond to not only Defendant's discovery requests and motion to dismiss, but also his own prior counsel's motion to withdraw. Beyond the one motion for extension of time to find counsel filed in October 2024, Plaintiff has not attempted to respond to any orders or motions. And aside from the two telephone status conferences that Plaintiff appeared for, he has not attempted to contact the Court in any way.

The second *Poulis* factor assesses whether the adverse party has suffered prejudice because of the dilatory party's behavior. "Examples of prejudice include 'the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party.'" *Adams*, 29 F.3d at 874 (quoting *Scarborough v. Eubanks*, 747 F.2d 871, 876 (3d Cir. 1984)). This factor also heavily favors dismissal, as Plaintiff's continued failure to comply with discovery requirements "frustrates and delays resolution of this action" and "clearly prejudices [Defendant] who seek[s] a timely resolution of the case." *Mack*, 2019 WL 1302626, at *1.

As to the fourth *Poulis* factor, "[w]illfulness involves intentional or self-serving behavior." *Adams*, 29 F.3d at 874. While it is hard to evaluate willfulness on the limited record available, there is no indication that Plaintiff is not receiving the Court's orders. On the contrary, Plaintiff's attendance at the telephone status conferences tends to suggest that he is in fact receiving the Court's orders, as copies of both scheduling orders and the dial-in instructions were mailed to the address provided and subsequently confirmed by Plaintiff. Additionally, none of the orders sent to Plaintiff's address have been returned as undeliverable.

The fifth *Poulis* factor addresses the effectiveness of sanctions other than dismissal. *Poulis*, 747 F.2d at 869. "Alternatives are particularly appropriate when the plaintiff has not personally

contributed to the delinquency." *Id.* at 866. Alternative sanctions need not be completely ameliorative. Instead, "alternative sanctions need only be effective toward mitigating the prejudice caused by dilatory behavior or delinquency." *Hildebrand*, 923 F.3d at 136. Plaintiff is proceeding pro se and is therefore responsible for any delinquency or dilatory behavior. Given Plaintiff's unwillingness to participate in his case aside from the two status conferences, alternative sanctions are unlikely to be an effective means of advancing this litigation on its merits or mitigating the prejudice to Defendant caused by Plaintiff's failure to engage in the discovery process. Therefore, this factor also favors dismissal.

Finally, the Court must consider the potential merit of Plaintiff's claims. A claim will be considered meritorious "when the allegations of the pleadings, if established at trial, would support recovery by plaintiff." *Poulis*, 747 F.2d at 869-70. Here, Plaintiff asserts personal injury and products liability claims stemming from an alleged incident involving a rental truck owned by Defendant. Without further inquiry and full evaluation, it is impossible to determine at this time whether Plaintiff might ultimately prevail on any of his claims. Thus, this factor is neutral.

Based on this analysis of the *Poulis* factors, the Court concludes that dismissal is warranted. While the Court is mindful of the Third Circuit's strong policy for decisions on the merits, such a resolution is impossible when Plaintiff declines to participate in his own lawsuit. The Court cannot properly control its docket, move this action forward, or properly protect the rights of all parties because Plaintiff continues to disregard Court orders and the Federal Rule of Civil Procedure. Consequently, the Court concludes that the extreme sanction of dismissal is supported by the *Poulis* factors and the record at hand.

### III.     Conclusion

For these reasons, IT IS ORDERED that this action is dismissed with prejudice based on Plaintiff's failure to prosecute.

        SO ORDERED this 18th day of April, 2025

        /s/ Patricia L. Dodge
        PATRICIA L. DODGE
        UNITED STATES MAGISTRATE JUDGE